IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

                                 Crim. No. 15-2023 MV

v.

MARCUS C. NELSON,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Amended Sealed Ex Parte Application for Rule 17(c) Subpoena Duces Tecum ("Application"). [Doc. 24].   The Court, having considered the Application and the relevant law, and being otherwise fully informed, finds that the Application is well-taken in part and will be granted in part.

**BACKGROUND**

On June 9, 2015, an Indictment was returned charging Defendant with possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).   On the instant Application, Defendant requests, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, issuance of a subpoena *duces tecum* and early production of nine categories of documents.

**DISCUSSION**

I.    Legal Standard

    A.    Structure of Rule 17

Rule 17 governs the issuance of subpoenas in criminal proceedings.   Rule 17(a) describes the process for obtaining subpoenas returnable at trial by those who are able to pay for them.

Under Rule 17(a), any party who is able to pay the fees and mileage of a subpoenaed witness may cause a subpoena to be issued by the clerk of the court as a matter of course, and without judicial intervention.   Specifically, a party obtains from the clerk a blank subpoena, signed and sealed, and then fills in the time and place at which the witness must attend and testify.   Fed. R. Crim. P. 17(a).

Rule 17(b) describes the procedure for defendants who are unable to pay the required fees: "[u]pon a defendant's *ex parte* application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."   Fed. R. Crim. P. 17(b).   "The Government is not notified of the proceeding and therefore defendant is not forced to disclose potential defense witnesses or their expected testimony."   *United States v. Florack*, 838 F. Supp. 77, 78 (W.D.N.Y. 1993).   "Although prior judicial authorization is required, the *ex parte* nature of the Rule 17(b) application [thus] serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial."   *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

Rule 17(c) governs the issuance of subpoenas *duces tecum*, and enables either party to obtain documents or other physical evidence.   Specifically, Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.   The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.   When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).   While Rule 17(c) provides no specific direction as to how to obtain a subpoena *duces tecum*, court have interpreted the language of the rule to "indicate[] that an application for a subpoena *duces tecum* returnable at trial is governed by the provisions of Rule

2

17(a) and 17(b) dealing with the issuance of trial subpoenas."   *Reyes*, 162 F.R.D. at 469.

Unlike a trial subpoena issued under Rule 17(a) or 17(b), however, Rule 17(c) provides that a subpoena *duces tecum* may be made returnable *before* trial or other evidentiary hearing.   As noted above, the second sentence of the rule provides that the court "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c); *see also United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951) ("Its [Rule 17(c)] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.").   Rule 17, however, provides no "guidance as to the proper procedure for obtaining a pretrial subpoena *duces tecum*."   *Reyes*, 162 F.R.D. at 470.

B.      *Ex Parte* Applications for Pretrial Production

In the absence of a clear directive in the text of Rule 17(c) as to the proper procedure for obtaining pretrial production pursuant to a subpoena *duces tecum*, courts have been "split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*."   *United States v. Sellers*, 275 F.R.D. 620, 624 (D. Nev. 2011).   Notably, the Tenth Circuit has not ruled on the issue.   This Court agrees with those courts that have held that an indigent defendant should be permitted to make an *ex parte* application for the pretrial (or pre-hearing) production of documents.   *See, e.g., United States v. Hargrove*, No. 11-cr-326, 2013 WL 3465791, *4 (D. Colo. July 9, 2013); *United States v. Vigil*, No. CR 10-2310, 2013 WL 3270995, *17-18 (D.N.M. June 3, 2013); *Sellers*, 275 F.R.D. at 625; *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); *Reyes*, 162 F.R.D. at 470-71.   As the court observed in *Reyes*:

There are strong policy reasons in favor of an *ex parte* procedure.   If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled.   In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfied the *Nixon* standards of specificity, relevance, and admissibility.   If a full adversary hearing were required to obtain a subpoena *duces tecum*, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena.   In this vein, the Court is mindful that it is often defendants who seek a subpoena *duces tecum* on an *ex parte* basis in order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

While the Court agrees that an *ex parte* application for a subpoena *duces tecum* ordering pretrial production of evidence is permissible, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise."   *Sellers*, 275 F.R.D. at 625.   Indeed, the plain language of Rule 17(c) authorizes the court to "direct the witness to produce the designated items *in court* before trial or before they are to be offered in evidence," and once "the items arrive," to "permit the parties and their attorneys to inspect all or part of them."   Fed. R. Crim. P. 17(c) (emphasis added).   Accordingly, although an application may be filed *ex parte* and remain sealed, production of the requested evidence must be made to the court rather than to the requesting party's counsel's office.   *Sellers*, 275 F.R.D. at 625; *Vigil*, 2013 WL 3270995, at *21.

C.    Standard for Pretrial Production

The Supreme Court has long established that "Rule 17(c) is not intended to provide an additional means of discovery."   *Bowman Dairy*, 341 U.S. at 220.   Accordingly, a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial: and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

4

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699-700).[1]   In order to meet this burden, the moving party "must clear three hurdles:   (1) relevancy; (2) admissibility; and (3) specificity."   *United States v. Morris*, 287 F.3d 985 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700).   It is insufficient that the requested evidence "may have some potential of relevance and evidentiary use."   *Sellers*, 275 F.R.D. at 624.   "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.'"   *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221). As the court noted in *United States v. Noriega*, "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."   764 F. Supp. 1480, 1493 (S.D. Fla. 1991).

II.   <u>The Instant Case</u>

The Court has reviewed Defendant's *ex parte* Application for a Rule 17(c) subpoena *duces tecum*.   First, the Court finds that Defendant, who is indigent, has properly made his Application *ex parte*.   In order to protect the mental impressions and trial strategy of defense counsel, Defendant's Application will remain sealed.

Next, the Court finds that Defendant has satisfied the *Nixon* test as to the categories of materials enumerated in his application as 1, 5, and 6, and that pretrial (or pre-hearing) production

[1] Defendant urges the Court to apply a standard different from, and more relaxed than, the *Nixon* test, on the basis that the instant request involves a third party subpoena.   Although "a few district courts" have applied a lower evidentiary standard in the context of third party subpoenas, application of a lower standard "has very limited support and is in a distinct minority view." *United States v. Al-Amin*, No. 1:12-CR-50, 2013 WL 3865079, *8 (E.D. Tenn. July 25, 2013).   In contrast, "cases from the overwhelming majority of courts" have applied the *Nixon* test.   *Id.*   The Court finds no reason to eschew "the great weight of authority" and apply any standard other than that set forth by the Supreme Court in *Nixon*.   *Id.*

of these materials is justified.   The categories of materials enumerated as 4(B), (C), and (D), and

8, as currently drafted, are overbroad, as they fail to specify the period of time for which the

materials are sought.   Revised to include the time period relevant to this case, namely May 22,

2015, those categories of materials, too, meet the *Nixon* test, and the pretrial (or pre-hearing)

production of those materials is also justified.

As to the remaining categories of materials, Defendant has failed to clear all three hurdles

of relevancy, admissibility, and specificity.   To the contrary, Defendant has done no more than

express his hope that there may be something of relevance or evidentiary use contained in those

categories of materials.   To issue a subpoena ordering production of evidence based on no more

than the hope "that something useful will turn up" would sanction the very sort of "fishing

expedition" that has been prohibited by the Supreme Court.

Accordingly, the Court will allow Defendant to request production of the following

materials:   (1) the materials described in numbers 1, 5, and 6 of Defendant's Application; and (2)

the materials described in numbers 4(B), (C), and (D), and 8 of Defendant's Application, to the

extent that those materials were in effect on May 22, 2015.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Amended Sealed Ex Parte

Application for Rule 17(c) Subpoena Duces Tecum [Doc. 24] is granted in part and denied in part,

as follows:

(1)      Defense counsel shall revise its proposed Subpoena *Duces Tecum* in conformity with this

Order, as follows:

A.      The requested materials shall be returnable to the Court at the following address:

Chambers of Judge Vázquez
U.S. Courthouse
106 South Federal Place, 2nd Fl.
Santa Fe, NM 87501
Attn:  Jacqueline Davis

B.      The requested materials shall be due no later than thirty days from the date of receipt of the Subpoena by the witness.

C.      The witness shall have thirty days from the date it receives the Subpoena to file a motion to quash the Subpoena in accordance with Fed. R. Crim. P. 17(c)(2).   If the witness files a motion to quash within the time period allowed as to some of the documents, but not all of the documents, those documents not subject to an objection shall be delivered to the Court no later than thirty days from the date of receipt of the Subpoena by the witness.

D.      Attachment A to the Subpoena shall be revised to delete items numbered 2, 3, 4(A), 4(E), 4(F), 4(G), 7, and 9, so that only those categories of materials numbered 1, 4(B), (C), and (D), 5, 6, and 8 shall be requested for production.   Attachment A to the Subpoena shall be further revised to limit the requests set forth in 4(B), (C), and (D), and 8 to the time period relevant to this case.

2.      Once defense counsel has revised the Subpoena, she shall submit the revised Subpoena to the Clerk of the United States District Court for the District of New Mexico for issuance.

3.      The Clerk's Office shall issue the revised Subpoena, and once the Subpoena has been issued, the Clerk's Office shall contact defense counsel.

4.      Defense counsel shall be responsible for service of the Subpoena upon the witness.

5.      Upon receipt of the responsive materials, the Court will notify both parties that the documents are available for inspection and copying.

7

  6.  The cost of process, fees, and expenses associated with service of the revised

Subpoena shall be paid as if subpoenaed on behalf of the government.

  7.  Defendant's Amended Sealed Ex Parte Application for Rule 17(c) Subpoena Duces

Tecum [Doc. 24] shall remain under seal.


  DATED this 4th day of December, 2015.


             _____
             MARTHA VAZQUEZ
             United States District Judge